# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 13-709V
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * *

KRISTINE R. BELL,           *
                            *      Filed:  February 23, 2016
              Petitioner,   *
                            *
         v.                 *      Decision by Stipulation; Interim
                            *      Attorney's Fees and Costs.
SECRETARY OF HEALTH AND     *
HUMAN SERVICES,             *
                            *
              Respondent.   *
                            *

* * * * * * * * * * * * * * * * * * * * * * * *

*Richard H. Moeller*, Berenstein, Moore, et al., Sioux City, IA, for Petitioner.

*Althea W. Davis*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### INTERIM ATTORNEY'S FEES AND COSTS DECISION[1]

On September 23, 2013, Kristine Bell filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Prior to the recent two-day entitlement hearing in this matter (held on January 28-29, 2015, in Washington, DC (ECF No. 43)), Petitioner had filed a request for an interim fees and costs award solely to cover costs incurred in the retention of her experts, Drs. Axelrod and Morgan. ECF No. 44. On November 10, 2015, I denied Petitioner's request on the grounds that she had not adequately substantiate why an interim award of expert costs was appropriate at that time. ECF No. 53 at 3-4. But I noted that the case would be going to hearing soon, and that upon conclusion of the hearing I would be "far more

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C.A. ' 300aa-10 through 34 (2012)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to ' 300aa of the Act.

inclined to entertain, and award (as promptly as possible), a similar request for an interim award – especially one that include[d] attorney's fees, as well as the costs Petitioner incurred by having her expert's testify." *Id.* at 5.

Following completion of the January 2016 entitlement hearing in this matter (during which Petitioner proffered both experts to testify on her behalf), I indicated that I would entertain a renewed interim fees request. ECF No. 61. However, I urged the parties to attempt first to resolve this issue amongst themselves. *Id.*

The parties have now filed a stipulation regarding interim expert costs. Stipulation Regarding Attorneys' Interim Costs, dated Feb. 19, 2016 (ECF No. 63). Petitioner requested expert-related fees and expenses in the amount of $27, 678.85. *Id.* This sum represents an amount to which Respondent does not object. *Id.*

I approve the requested amount for interim attorney's fees and costs as reasonable and appropriate award at this time. Accordingly, an award of $27,678.85 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, the law firm of Moore, Heffernan, Moeller, Johnson & Meis, LLP. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.